UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<small>HAWNIE</small> V<small>EDDER</small>

       Plaintiff,

v.

C<small>REDIT</small> A<small>CCEPTANCE</small> C<small>ORPORATION</small>,

       Defendant.

_____/

Case No. 16-14485

S<small>ENIOR</small> U.S. D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

U.S. M<small>AGISTRATE</small> J<small>UDGE</small> R.
S<small>TEVEN</small> W<small>HALEN</small>

**O<small>RDER</small> G<small>RANTING</small> D<small>EFENDANT</small>'<small>S</small> M<small>OTION FOR</small> S<small>TAY</small>**

Plaintiff Shawnie Vedder, a Washington State resident, brings a claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, against Defendant Credit Acceptance Corporation ("CAC"). In her Complaint [Dkt. #1], Plaintiff alleges that Defendant violated the TCPA by calling her cellular phone numerous times for non-emergency purposes. 47 U.S.C. § 227(b)(1)(A)(i). On January 26, 2017, Defendant filed its Answer [4] and the instant Motion to Stay [5]. Defendant contends that a temporary stay is appropriate while the D.C. Circuit Court of Appeals considers a challenge to a 2015 order from the Federal Communications Commission ("FCC") that expanded the scope of the TCPA. *See ACA International v. Federal Communications Commission*, No. 15-1211, 2015 U.S. App. LEXIS 18554 (D.C. Cir.). The petitioners in that case challenge a 2015

Page **1** of **4**

FCC ruling, "raising as issues the definition of autodialer as including equipment that merely has the capacity to autodial; the provisions deeming a caller as having constructive knowledge of the reassignment of a number after only one call (whether answered or not); the definition of 'called party'; and the Ruling's interpretation of the right of revocation of consent." *Jones v. Credit Acceptance Corp.*, No. 15-13165, 2016 U.S. Dist. LEXIS 174152, at *3 (E.D. Mich. Oct. 31, 2016).

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014). CAC bears the burden of showing "that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). The Court must also consider "whether granting the stay will further the interest in economical use of judicial time and resources." *E.M.A. Nationwide, Inc.*, 767 F.3d at 628.

The Court finds that a stay is warranted at the present time. As courts in this District and across the country have recognized, there is uncertainty surrounding

the correct interpretation of the TCPA. *See, e.g.*, *Maksymowski v. Navient Solutions*, *Inc.*, No. 15-14368, 2017 U.S. Dist. LEXIS 4406, at *2 (E.D. Mich. Jan. 12, 2017); *Coatney v. Synchrony Bank*, 2016 U.S. Dist. LEXIS 118768, at *4 (M.D. Fla. Aug. 2, 2016); *Errington v. Time Warner Cable, Inc.*, 2016 U.S. Dist. LEXIS 66317, at *9 (C.D. Cal. May 18, 2016); *Gensel v. Performant Techs., Inc.*, 2015 U.S. Dist. LEXIS 142303 (E.D. Wis. Oct. 20, 2015). Furthermore, an order by the Court "which is issued in reliance on the July 2015 [FCC] Ruling will be called into question if the D.C. Circuit overturns the July 2015 Ruling." *Errington*, 2016 U.S. Dist. LEXIS 66317, at *11.

There are several other reasons that weigh in favor of staying the case. Plaintiff has not explained any prejudice she would suffer if the proceedings are stayed. Additionally, staying the case until the D.C. Circuit issues a decision will conserve the resources of both the parties and the court. Finally, the D.C. Circuit heard oral argument in October 2016, and in all likelihood, the stay will be relatively brief, "ameliorating any prejudice to Plaintiff." *Maksymowski*, 2017 U.S. Dist. LEXIS 4406, at *3.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Stay [5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall confer and promptly inform the Court when the D.C. Circuit Court of Appeals issues its ruling in *ACA*

*International v. Federal Communications Commission*. Within 14 days of that decision, each party will file a brief of no more than 15 pages explaining how the ruling affects their respective positions in this case.

**IT IS FURTHER ORDERED** that this case will be administratively closed at this time.

**SO ORDERED**.

Dated: March 14, 2017

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge